**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

**FILED**
**DECEMBER 13, 2022**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| COURTNEY A. LITTLE and JAMES S. LITTLE, wife and husband, | ) ) ) | No. 38724-1-III |
| Appellants, | ) ) | |
| v. | ) ) | PUBLISHED OPINION |
| ROSAUERS SUPERMARKETS, INC., dba/aka Super 1 Foods, a Washington corporation, | ) ) ) ) | |
| Respondent. | ) ) ) | |

PENNELL, J. — Courtney Little was injured when she slipped and fell on ice while walking out of Super 1 Foods, a grocery store owned by Rosauers Supermarkets, Inc. Ms. Little and her husband sued for negligence, but their case was dismissed on summary judgment based on Rosauers's assertion of assumption of the risk. We reverse. Rosauers should have reasonably expected that customers like Ms. Little would traverse the parking lot during store hours, despite the presence of ice. Rosauers had a duty to keep their parking lot reasonably safe from ice accumulation and cannot escape liability on a theory of assumption of the risk.

No. 38724-1-III
*Little v. Rosauers Supermarkets, Inc.*

## FACTS[1]

On the morning of Presidents' Day 2019, Courtney Little stopped by Super 1 Foods in Walla Walla to pick up doughnuts for her coworkers. The weather was cold, but there had not been any recent snowfall. When Ms. Little got to the store, she opened her car door and remarked to herself, "Wow. It's icy." Clerk's Papers at 43. She was cautious as she made her way into the store, describing her gait as a "penguin walk[ ]." *Id*. Ms. Little's hands were basically empty; the only item she carried into the store was a small wallet. Ms. Little made it safely into the store, purchased some doughnuts and milk, and then headed back to her car.

The lot was still icy when Ms. Little walked back to her car. Ms. Little continued to exercise caution and resumed her penguin walk. This time, Ms. Little's hands were not empty, she was carrying groceries. As Ms. Little made her way back to her car, she slipped on ice and fell. The fall caused Ms. Little to suffer a patella fracture.

Representatives of Super 1 Foods acknowledged in depositions that their parking lot can get slick due to ice and they recognize that icy conditions do not stop people

---

[1] Because this matter comes to us from an order granting summary judgment, we assess the facts in a light most favorable to the Littles. *Crisostomo Vargas v. Inland Wash., LLC*, 194 Wn.2d 720, 728, 452 P.3d 1205 (2019).

No. 38724-1-III
*Little v. Rosauers Supermarkets, Inc.*

"in the Inland Northwest" from going about daily activities. *Id*. at 84. Super 1 Foods

contracts with a company during the winter that will plow and/or deice its parking lot

prior to the store opening for the day. In addition, employees at Super 1 Foods check

the parking lot during regular business hours and apply additional deicer when needed.

According to Super 1 Foods, when deicer is applied it is "effective." *Id*. at 90.

## PROCEDURE

The Littles sued Rosauers Supermarkets, Inc., the owner of Super 1 Foods, for

negligence. Rosauers subsequently moved for summary judgment, arguing it was not

liable based on the defense of implied primary assumption of the risk. Rosauers pointed

out that Ms. Little had lived in the Walla Walla area for several years and was familiar

with risks posed by winter weather and ice. On the day of her fall, Ms. Little saw that

there was a "sheet of ice" over "the whole parking lot" at Super 1 Foods. *Id*. at 43-45.

Given these circumstances, Rosauers claimed Ms. Little had assumed the risk of injury

when she ventured out onto the icy parking lot. According to Rosauers, Ms. Little's

assumption of the risk was a complete defense to the Littles' negligence claim, warranting

summary judgment. The trial court agreed with Rosauers, granted judgment and

dismissed the case. The Littles now appeal.

3

No. 38724-1-III
*Little v. Rosauers Supermarkets, Inc.*

ANALYSIS

Our analysis of the trial court's summary judgment order involves two steps.

First, we examine the legal rule known as implied primary assumption of the risk,

which operates as a complete defense to a claim of negligence.[2] This process is de novo.

*See State v. Kurtz*, 178 Wn.2d 466, 469, 309 P.3d 472 (2013). Second, we apply the

law regarding primary assumption of the risk to the specific facts of the parties' case.

In this second stage of the analysis, we construe the facts in the light most favorable to the

Littles and engage in a de novo assessment of whether Rosauers is entitled to summary

judgment. *Folsom v. Burger King*, 135 Wn.2d 658, 663, 958 P.2d 301 (1998).

*1. Assumption of the risk as a complete defense to liability*

Washington's law of premises liability is rooted in sections 343 and 343A of the

*Restatement (Second) of Torts* (Am. L. Inst. 1965).[3] Under section 343, a possessor of

---

[2] The concept of assumption of the risk has four iterations that carry confusing labels: (1) express, (2) implied primary, (3) implied unreasonable, and (4) implied reasonable. *Gregoire v. City of Oak Harbor*, 170 Wn.2d 628, 636, 244 P.3d 924 (2010) (plurality opinion). Only the first two iterations constitute a complete defense to liability, while the latter two encompass comparative fault. *Id*. In addition, the only difference between express and implied primary assumption of the risk is that the former is manifested by "'words'" and the latter by "'conduct.'" *Hvolboll v. Wolff Co.*, 187 Wn. App. 37, 48, 347 P.3d 476 (2015) (quoting *Erie v. White*, 92 Wn. App. 297, 302-03, 966 P.2d 342 (1998)).

[3] Nevertheless, section 343 of the *Restatement* has not replaced the common law. *See Johnson v. Liquor & Cannabis Bd.*, 197 Wn.2d 605, 613 n.4, 486 P.3d 125 (2021).

4

No. 38724-1-III
*Little v. Rosauers Supermarkets, Inc.*

land may be held liable in negligence for failing to exercise reasonable care to protect invitees[4] from dangers posed by conditions on the possessor's land. The duty to exercise reasonable care is excused (and liability is therefore avoided)[5] if a land possessor can establish implied primary assumption of the risk on the part of an invitee.

The defense of implied primary assumption of the risk is recognized in section 343A(1) of the *Restatement*, which contains two distinct clauses: "[1] A possessor of land is not liable to . . . invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to [an invitee], [2] unless the possessor should anticipate the harm despite such knowledge or obviousness."

When section 343A(1)'s first clause applies, it negates the land possessor's duty of due care as set forth in section 343 and therefore constitutes a complete defense to a negligence claim. A defense under section 343A(1)'s first clause (which is more fully discussed in section 496C of the *Restatement*) focuses on the knowledge of the plaintiff.

---

[4] An "invitee" is someone who enters or remains "on land upon an invitation which carries with it an implied representation, assurance, or understanding that reasonable care has been used to prepare the premises, and make [it] safe for their reception." RESTATEMENT, *supra*, § 332 cmt. a. A store customer qualifies as an invitee. *Id.*

[5] The elements of negligence are: (1) the existence of a duty, (2) breach, (3) injury, and (4) proximate cause. *Johnson v. Liquor & Cannabis Bd.*, 197 Wn.2d 605, 611, 486 P.3d 125 (2021). If duty is negated, a negligence claim must fail.

5

No. 38724-1-III
*Little v. Rosauers Supermarkets, Inc.*

A defendant land possessor asserting the defense of primary assumption of the risk under section 343A(1)'s first clause must prove "the plaintiff (1) had full subjective understanding (2) of the presence and nature of the specific risk, and (3) voluntarily chose to encounter the risk." *Kirk v. Wash. State Univ.*, 109 Wn.2d 448, 453, 746 P.2d 285 (1987) (citing RESTATEMENT, *supra*, § 496C(1)).

Assumption of the risk pursuant to section 343A(1)'s first clause is not always available. As set forth in section 343A(1)'s second clause, the first clause does not apply in circumstances where a land possessor should anticipate harm, despite the obviousness of the risk.[6] As explained in the *Restatement* commentary, "[t]here are . . . cases in which the possessor of land can and should anticipate that the dangerous condition will cause physical harm to the invitee notwithstanding its known or obvious danger. In such cases the possessor is not relieved of the duty of reasonable care which [they] owe to the invitee for [their] protection." RESTATEMENT, *supra*, § 343A cmt. f.

Our state courts have recognized that the second clause of section 343A(1) can be met when snow or ice accumulates on a land possessor's property. *Mucsi v. Graoch Assoc. Ltd. P'ship No. 12*, 144 Wn.2d 847, 859-60, 31 P.3d 684 (2001) (recognizing that

---

[6] The word "unless," which connects the first and second clauses of section 343A(1) dictates this result. For an invitee, the upshot of this conjunction is that if the second clause is satisfied, then the first clause cannot be met.

6

No. 38724-1-III
*Little v. Rosauers Supermarkets, Inc.*

snow and ice in a parking lot invokes comment f of section 343A where an invitee "will

encounter the known or obvious danger because to a reasonable person in that position

the advantages of doing so would outweigh the apparent risk"); *Iwai v. State*, 129 Wn.2d

84, 93-94, 915 P.2d 1089 (1996) (plurality opinion). Pursuant to the second clause of

section 343A(1), the obvious presence of snow or ice does not preclude a land possessor

from liability if harm can be anticipated. Instead, the land possessor must take reasonable

care to protect against the danger of harm. If a breach in duty occurs and an invitee can

satisfy the other elements of a negligence claim, then the land possessor may be held

liable, subject to offset should there be a finding of comparative fault.

　　While section 343A(1) allows an invitee to assert a claim for negligence based on

accumulated snow or ice, a full defense based on implied primary assumption of the risk

is still possible.　In *Hvolboll v. Wolff Company*, this court pointed out that section

343A(1)'s second clause focuses on the land possessor's knowledge and what the land

possessor can reasonably anticipate with respect to risk of harm. 187 Wn. App. 37, 48-49,

347 P.3d 476 (2015).　*Hvolboll* recognized that there are "many cases" where a land

possessor can be expected to anticipate harm despite the obviousness of a dangerous

condition. *Id*. at 49. But this is not always true. For example, if (as happened in *Hvolboll*)

an invitee chooses to take an unexpected path across a land possessor's icy property, the

7

No. 38724-1-III
*Little v. Rosauers Supermarkets, Inc.*

land possessor may not reasonably anticipate harm. In such circumstances, assumption of the risk may come into play as a defense to liability, assuming the land possessor can prove the three elements required by section 343A(1)'s first clause.[7]

The parties and the superior court expressed concern that, under *Hvolboll*, assumption of the risk is always available as a full defense to premises liability based on icy conditions. This is a misreading of our decision. *Hvolboll* merely held that implied primary assumption of the risk is legally available when the conditions set forth in the second clause of section 343A(1) are not satisfied. *Id*. at 47-50. *Hvolboll* did not overturn the rule found in the *Restatement* that the defense of implied primary assumption of the risk under the first clause of section 343A(1) is available only if the second clause of section 343A(1) is unmet.

Rosauers makes the further argument that the second clause of section 343A(1) is limited to circumstances such as black ice or when an invitee is not capable of being aware of icy conditions, such as when the invitee has impaired vision. This is incorrect. The second clause of section 343A(1) applies to obvious conditions known to an invitee. Black ice is not obvious. And a person who is not capable of being aware of icy

---

[7] As previously noted, the three elements are: "the plaintiff (1) had full subjective understanding (2) of the presence and nature of the specific risk, and (3) voluntarily chose to encounter the risk." *Kirk*, 109 Wn.2d at 453 (citing RESTATEMENT, *supra*, § 496C(1)).

No. 38724-1-III
*Little v. Rosauers Supermarkets, Inc.*

conditions does not know about the conditions. The scenarios identified by Rosauers

do not begin to fall within the rubric of implied primary assumption of the risk.

*2. Application of assumption of the risk principles to this case*

Our assessment of Rosauers's implied primary assumption of the risk defense turns

solely on section 343A(1)'s second clause. This second clause focuses on what Rosauers

knew or should have known and whether it should have anticipated harm despite the

obviousness of ice.

The record here shows a predictable set of facts that Rosauers should have

anticipated, despite the obviousness of the potential harm. It is undisputed that Super 1

Foods opened at its regularly scheduled time on the day of Ms. Little's fall. Ms. Little

used a common pathway (the parking lot) when walking between Super 1 Foods and

her car. This fact alone distinguishes Ms. Little's fall from the one in *Hvolboll* where that

plaintiff ventured over a snow berm, built up in the common area of an apartment

complex, without using a designated walkway. Rosauers has admitted knowing that

individuals living in the Pacific Northwest will venture out into icy or snowy conditions

despite the risk of harm. Rosauers is also legally expected to know that when a customer

is carrying groceries (like Ms. Little), they are at increased risk of being distracted. *See*

RESTATEMENT, *supra*, § 343A cmt. f.

9

No. 38724-1-III
*Little v. Rosauers Supermarkets, Inc.*

The facts proffered by the Littles fall comfortably within the factual scenario contemplated by section 343A(1)'s second clause. The Littles have therefore produced sufficient evidence to avoid dismissal of their claims on Rosauers's affirmative defense of assumption of the risk.[8] Summary judgment was unwarranted.

CONCLUSION

Summary judgment is reversed. This matter is remanded for further proceedings.

_____
Pennell, J.

WE CONCUR:

_____
Siddoway, C.J.

_____
Staab, J.

---

[8] Even if the Littles are able to prove to the trier of fact that assumption of the risk is not applicable, this does not necessarily mean Rosauers ultimately will be found liable. The Littles would still be required to prove the elements set forth in section 343, which includes proof of actual or constructive knowledge and failure to take action within a reasonable time. *Mucsi*, 144 Wn.2d at 859. Furthermore, any finding of comparative fault may operate to reduce damages. *Id*. at 860.